Lenden F. Webb (SBN 236377)
**WEBB & BORDSON, APC**
466 W. Fallbrook Ave. Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WBLawGroup.com

Attorneys for Plaintiff, BRUCE L. LAMB, an Individual, dba LAMB PRODUCTIONS U-TILE IT VIDEOS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE L. LAMB, an individual dba LAMB PRODUCTIONS U-TILE IT VIDEOS, <br><br> Plaintiff, <br><br> v. <br><br> FLOOR AND DÉCOR OUTLETS OF AMERICA, INC., a Delaware corporation, and Does 1 through 25, inclusive <br><br> Defendants. | Case No. **'13CV0390 JAH BLM** <br><br> **COMPLAINT FOR** <br><br> 1. Copyright Infringement; <br> 2. Misappropriation of Ideas; <br> 3. Conversion; <br> 4. Negligent Retention and Supervision; <br> 5. Negligent Interference with Prospective Economic Advantage; <br> 6. Breach of the Duty of Good Faith and Fair Dealing; <br> 7. Unjust Enrichment; and <br> 8. Business and Professions Code § 17200, et seq. <br><br> **AND DEMAND FOR JURY TRIAL** |

Plaintiff, BRUCE L. LAMB, an Individual, dba LAMB PRODUCTIONS U-TILE IT VIDEOS ("Plaintiff"), by and through his attorney, alleges as follows:

COMPLAINT
- 1 -

**SUMMARY OF LAWSUIT**

1. Plaintiff is in the business of operating and specializing in instructional "how to" videos. Plaintiff has been producing and selling his specialty videos for approximately twenty-five (25) years.

2. At the time of the incident complained of herein, Plaintiff was in the business of selling his instructional "how to" videos to large retail stores and home improvement stores nationwide.

3. Plaintiff's "how to" videos were first produced utilizing the VHS videocassette format. On or about 2004, Plaintiff began selling the VHS formatted "how to" videos on the then emerging, DVD format.

4. Plaintiff is, and at all times herein mentioned was, the registered copyright owner of a series of instructional "how to" DVDs titled, "Tile It All Yourself" (hereinafter referred to as the "DVDs"). The DVDs included six (6) different "how to" instructional video titles, including:

   a. U-Tile It Yourself Floors. This video was created and first published in 1987. Plaintiff registered this video as Part 2 of the DVD series on or about January 19, 1988, with the United States Copyright Office. This video application was given registration number PA0000370742.

   b. U-Tile It Yourself Walls. This video was created and first published in 1987. Plaintiff registered this video as Part 3 of the DVD series on or about January 19, 1988, with the United States Copyright Office. This video application was given registration number PA0000370744.

   c. U-Tile It Yourself Counters. This video was created and first published in 1987. Plaintiff registered this video as Part 1 of the DVD series on or about January 19, 1988, with the United States Copyright Office. This video application was given registration number PA0000370740.

   d. U-Tile It Saltillo Mexican Pavers. This video was created and first published in 1990.

      e.      How To Install Marble. This video was created and first published in 1990.

      f.      How to Install Hardwood Floor and Laminate. This video was created and first published in 1990.

5. On or about 2004, Plaintiff was selling his DVDs at trade shows.

6. On or about June 7, 2004, Defendant FLOOR AND DÉCOR OUTLETS OF AMERICA, INC. ("F&D OUTLETS"), by and through its officers, made contact with Plaintiff at a trade show located in Orlando, FL. Officers of F&D OUTLETS at that time placed an order for Plaintiff's DVDs.

7. Plaintiff custom produced three (3) DVD volumes for F&D OUTLETS utilizing videos from each of the six (6) titles from the "Tile It All Yourself" DVD series. The DVD volumes were titled as follows: (1) Your How-To-Guide for Installing Ceramic Floors, Walls & Countertops; (2) Your How-To-Guide for Installing Laminate, Engineered & Solid Wood Flooring; and (3) Your How-To-Guide for Installing Natural Stone, Marble & Satillo Tile. Each DVD video, as well as the DVD jacket, contained notice of Plaintiff's copyright.

8. At the time of ordering Plaintiff's DVDs, F&D OUTLETS's officers asked Plaintiff to edit the DVDs to include an opening clip of F&D OUTLETS's Chief Executive Officer. Plaintiff accommodated this request.

9. On or about October 17, 2012, Plaintiff discovered YouTube clips showing portions of his DVDs. F&D OUTLETS had taken the videos from each of the three (3) DVDs, cut, and re-edited the clips into approximately nineteen (19) smaller clips, deleted Plaintiff's copyright information, and replaced Plaintiff's company information with F&D OUTLETS's company information. F&D OUTLETS then posted the clips onto F&D OUTLETS' YouTube channels under the user names "fdoutlets"[1] and "FloorAndDecorOutlets"[2].

---

[1] fdoutlets (www.youtube.com/user/fdoutlets/videos)

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

10. To date more than Two Hundred and Seventy-Seven Thousand (277,000) people have viewed F&D OUTLETS' YouTube postings.

## THE PARTIES

11. Plaintiff is, and at all times mentioned herein was, a resident of County of San Diego, State of California.

12. Plaintiff is informed and believes, and on that basis alleges, that F&D OUTLETS is a corporation incorporated under the laws of Delaware, with a principal place of business at 2233 Lake Park Drive, Suite 400, Smyrna, Georgia 30080. F&D OUTLETS's registration with the California Secretary of State is currently valid. F&D OUTLETS's registered agent for service of process in California is CT Corporation System, 818 W. Seventh Street, Los Angeles, California 90017.

## NATURE OF ACTION

13. In this civil action, Plaintiff seeks damages against F&D OUTLETS for acts of Copyright Infringement in violation of 17 U.S.C. §501(a), et seq; Misappropriation of Ideas – Implied in Fact Contract; Conversion; Negligent Retention and Supervision; Negligent Interference with Prospective Economic Advantage; Breach of the Duty of Good Faith and Fair Dealing; and Unjust Enrichment; and Business and Professions Code §17200, et seq.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over federal question claims pursuant to 28 U.S.C. §§1331 and 1338(a).

15. Venue is proper under 28 U.S.C. §1391 (c) and 1400(b), in that the acts and transactions complained of herein were conceived, carried out, made effective, or had effect within the State of California and within this district, among other places. On information and belief, F&D OUTLETS conducts business activities in this judicial district including regularly doing or soliciting business, engaging

---

[2] FloorAndDecorOutlets (www.youtube.com/userFloorAndDecorOUtlets/videos)

in conduct and/or deriving substantial revenue from goods and services provided to consumers in the State of California and in this district.

## F&D OUTLETS's INFRINGING CONDUCT

16. F&D OUTLETS is a retail provider of hard surface flooring, specializing in ceramic, stone, tile, wood, and laminate flooring. F&D OUTLETS's target consumers are the "do-it-yourself" homeowner and professional contractors. F&D OUTLETS currently operates thirty (30) stores in approximately ten (10) states across the country.

17. F&D OUTLETS purposely, for its own gain and exposure, edited Plaintiff's DVDs, and posted video clippings from the same on the F&D OUTLETS's YouTube channels.

18. F&D OUTLETS removed Plaintiff's copyright notice and presented the edited video clips to the public as its own work, all to the detriment of Plaintiff and Plaintiff's business.

19. F&D OUTLETS's video postings have been viewed over two hundred and seventy-seven thousand (277,000) times. Each viewing represents one (1) less person who is buying Plaintiff's DVDs, or downloading them at the current rate of $10.95 per video.

20. One of the functions of posting videos on YouTube is that the viewer can then upload the content of the videos to their social and/or professional media websites, such as LinkedIn, Facebook, etc. Thus further exposing Plaintiff's copyrighted work to persons who have neither rightfully gained permission to utilize Plaintiff's DVDs, nor have paid Plaintiff for the rights to utilize the same.

21. F&D OUTLETS concealed Plaintiff's ownership on all but one (1) of Plaintiff's DVDs by removing Plaintiff's copyright information and placing F&D OUTLETS's information at the end of the edited video clips.

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

22. F&D OUTLETS could have rightfully bought more DVDs from Plaintiff to provide or sell to its customers, or simply negotiated with Plaintiff to establish a licensing agreement to post Plaintiff's DVDs online for it's customer's use.

23. However, no additional negotiations were done, other than the June 2004, purchase, demonstrating F&D's knowledge of Plaintiff's ownership and title to the DVD series.

24. F&D's actions, as outlined herein, exceeded the scope of any licensing agreement entered into between the parties, both in quantity and medium.

## CLAIMS FOR RELIEF

## COUNT I – DIRECT INFRINGEMENT OF COPYRIGHT

### (Against All Defendants)

25. Plaintiff hereby incorporates paragraphs 1 through 24 inclusive herein by reference.

26. Plaintiff has properly registered and owns or controls the copyrights to various "how to" instructional videos, including the "Tile It All Yourself" DVD series.

27. Without authorization from Plaintiff, or right under law, Defendants have unlawfully distributed hundreds of thousands of Plaintiff's DVDs by downloading unauthorized video clips of Plaintiff's DVDs to YouTube, thereby causing Plaintiff's DVDs to be viewed and used by unauthorized persons. F&D OUTLETS's conduct is in direct violation of the Copyright Act, 17 U.S.C. §106.

28. F&D OUTLETS is directly liable for these acts of infringement under the Copyright Act. The infringing video clips are currently displayed on F&D OUTLETS's YouTube channels, thereby allowing viewers to upload video clips of Plaintiff's DVDs for their own personal and/or professional use and/or to be displayed further on professional and/or social media sites. The infringing video clips have been widely disseminated on the Internet. Thus, F&D OUTLETS is actively involved in creating the supply of infringing content,

making that content broadly available for distribution to the public. Therefore, F&D OUTLETS has, and continues to, engage in unlawfully distributing video clips of Plaintiff's DVDs to the general public.

29. In order to facilitate the distribution of Plaintiff's DVDs, F&D OUTLETS edited Plaintiff's DVDs into multiple parts, thereby making even more unauthorized copies of Plaintiff's DVDs in violation of the Copyright Act, 17 U.S.C. §106. These additional copies of Plaintiff's work have also been posted to YouTube and viewed by hundreds of thousands of viewers.

30. Defendant Doe Nos. 1 through 25 are jointly and severally liable for each act of F&D OUTLETS because they personally directed and participated in, and benefitted from, F&D OUTLETS's infringing conduct as alleged herein, and have been the guiding force behind F&D OUTLETS's infringing activities.

31. The foregoing acts of infringement by F&D OUTLETS have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights.

32. The foregoing acts of infringement by Defendant Does 1 through 25 have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights.

33. As a direct and proximate result of F&D OUTLETS and Doe Nos. 1 through 25 (herein "Defendants") infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to damages as well as any profits received by Defendants pursuant to 17 U.S.C. §504(b).

34. Alternatively, Plaintiff is entitled to the maximum statutory damages, in the amount of $150,000 per infringement, pursuant to 17 U.S.C. §504(c), or for such other amount as may be proper pursuant to 17 U.S.C. §504(c).

35. Plaintiff is further entitled to his attorney's fees and costs pursuant to 17 U.S.C. §505.

36. Defendants' conduct has and is causing Plaintiff great and irreparable harm and injury that cannot fully be compensated for or measured in money damages.

Therefore, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringements of Plaintiff's DVDs and exclusive rights under Copyright law.

## COUNT II – CONTRIBUTORY INFRINGEMENT OF COPYRIGHT

### (Against All Defendants)

37. Plaintiff hereby incorporates Paragraphs 1 through 36 inclusive herein by reference.

38. Defendants are separately liable as contributory copyright infringers. Defendants had actual and constructive knowledge of the massive copyright infringement of Plaintiff's DVDs by its employees, representatives, and agents including, but not limited to, editing Plaintiff's DVDs into multiple video clips, removing Plaintiff's copyright information from the edited video clips, editing F&D OUTLETS's information onto the video clips, and posting the edited video clips of Plaintiff's DVDs for viewing on F&D OUTLETS's YouTube channels. Without the active contributions from F&D OUTLETS, the infringement complained of herein could not have taken place, and certainly not on the massive scale enabled by Defendants' actions. Therefore, Defendants are contributorily liable for the unauthorized reproduction and distribution of Plaintiff's DVDs in violation of Copyright Act, 17 U.S.C. §106.

39. The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff's rights.

40. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to damages as well as Defendants' profits, if any, pursuant to 17 U.S.C. §504(b).

41. Alternatively, Plaintiff is entitled to the maximum statutory damages, in the amount of $150,000 per infringement, pursuant to 17 U.S.C. §504(c), or for such other amount as may be deemed just and proper, pursuant to 17 U.S.C. §504(c).

42. Plaintiff is entitled to his attorney's fees and costs pursuant to 17 U.S.C. §505.

43. Defendants' conduct has and is causing Plaintiff great and irreparable harm and injury that cannot fully be compensated for or measured in money damages. Therefore, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringements of Plaintiff's DVDs and exclusive rights under Copyright law.

### COUNT III – VICARIOUS INFRINGEMENT OF COPYRIGHT
### (Against All Defendants)

44. Plaintiff hereby incorporates Paragraphs 1 through 43 inclusive herein by reference.

45. F&D OUTLETS is separately liable under the Copyright Act for the infringing acts of its agents, employees, representatives, officers and/or directors. F&D OUTLETS had the right and ability to supervise and control its agents, employees, representatives, officers and/or directors, including managing the content placed on public domain websites such as YouTube. In addition, F&D OUTLETS benefitted from the infringement of Plaintiff's DVDs. F&D OUTLETS is therefore vicariously liable for the unauthorized reproduction and distribution of Plaintiff's DVDs in violation of Copyright Act, 17 U.S.C. §106.

46. Defendant Does 1 through 25 are liable under the Copyright Act for the acts of infringement identified above, for acting in concert with F&D OUTLETS for unlawfully inducing, knowingly facilitating, and benefitting from copyright infringement of Plaintiff's DVDs.

47. The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff's rights.

48. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to damages as well as Defendants' profits, if any, pursuant to 17 U.S.C. §504(b).

49. Alternatively, Plaintiff is entitled to the maximum statutory damages, in the

amount of $150,000 per infringement, pursuant to 17 U.S.C. §504(c), or for such other amount as may be deemed just and proper, pursuant to 17 U.S.C. §504(c).

50. Plaintiff is entitled to his attorney's fees and costs pursuant to 17 U.S.C. §505.

51. Defendants' conduct has and is causing Plaintiff great and irreparable harm and injury that cannot fully be compensated for or measured in money damages. Therefore, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringements of Plaintiff's DVDs and exclusive rights under Copyright law.

## COUNT IV – MISAPPROPRIATION OF IDEAS – IMPLIED IN FACT CONTRACT
### (Against All Defendants)

52. Plaintiff hereby incorporates Paragraphs 1 through 51 inclusive herein by reference.

53. Plaintiff is the creator, author, and owner of various instructional videos targeted to large retail and home improvement stores. Plaintiff has been creating, publishing, and selling the "do it yourself" videos for over twenty-five (25) years.

54. The DVD series sold to F&D OUTLETS titled "Tile It All Yourself" contained six (6) titles in the series ranging from various floor installations, to cabinetry and walls.

55. On or about June 2004, Plaintiff was offering his DVDs for sale at a trade show located in Orlando, Florida. At the Trade Show, Plaintiff was approached by Officers of F&D OUTLETS to purchase Plaintiff's DVDs.

56. Plaintiff prepared the DVD series for F&D OUTLETS, and upon request of an Officer of F&D OUTLETS, Plaintiff edited a clip from the Chief Executive Officer of F&D OUTLETS onto Plaintiff's DVD series sold to F&D OUTLETS.

57. F&D OUTLETS voluntarily accepted disclosure of Plaintiff's work product by

fulfilling its obligation to purchase and accept receipt of the DVDs from Plaintiff. By this conduct, F&D OUTLETS was accepting responsibility not to misuse, take, steal, or in any way misappropriate Plaintiff's DVDs.

58. F&D OUTLETS, at the time of purchase, paid the fair market value Plaintiff was asking for purchase of his work product.

59. F&D OUTLETS breached the implied-in-fact contract by allowing its employees, agents, representatives, officers, and/or directors to engage in the unauthorized distribution of Plaintiff's DVDs by means of Internet distribution and posting on F&D OUTLETS's YouTube channels.

60. As a result of this conduct, Plaintiff has been damaged in an amount to be determined.

## COUNT V – CONVERSION
### (Against All Defendants)

61. Plaintiff hereby incorporates Paragraphs 1 through 60 inclusive herein by reference.

62. As described herein, on or around 2004, F&D OUTLETS came into possession of Plaintiff's DVDs.

63. F&D OUTLETS has since misappropriated and converted Plaintiff's DVDs, and exercised improper dominion and control over Plaintiff's DVDs without Plaintiff's knowledge or consent.

64. As a direct and proximate result, Plaintiff has been damaged in an amount to be determined.

65. As a result of F&D OUTLETS's conduct, Plaintiff is entitled to Prejudgment interest.

66. As a result of F&D OUTLETS's conduct, Plaintiff is entitled to recover his attorney's fees and costs.

67. Due to the reckless and willful nature of F&D OUTLETS's conduct, Plaintiff is entitled to punitive damages in an amount sufficient to deter future wrongful

conduct of this nature.

## COUNT VI – NEGLIGENT RETENTION AND SUPERVISION

**(Against F&D OUTLETS and Does 1 through 25)**

68. Plaintiff hereby incorporates Paragraphs 1 through 67 inclusive herein by reference.

69. F&D OUTLETS had a duty to retain and supervise its employees, agents, representatives, directors and/or officers in a manner to prevent the misappropriation or improper disclosure of Plaintiff's DVDs.

70. As described herein, F&D OUTLETS breached this duty by allowing its employees, agents, representatives, directors and/or officers to distribute Plaintiff's DVDs on the Internet, thereby denying Plaintiff the right and privilege to benefit financially from said distribution of Plaintiff's DVDs.

71. As a direct and proximate result of this breach, Plaintiff has been damaged in an amount to be determined.

72. The conduct of F&D OUTLETS was done with a willful, reckless and wanton disregard of the rights of Plaintiff.

73. As a result of this conduct, Plaintiff is entitled to reasonable prejudgment interest.

74. As a result of this conduct, Plaintiff is entitled to recover his attorney's fees and costs incurred herein.

75. As a result of this conduct, Plaintiff is entitled to an award of punitive damages in an amount sufficient to deter future wrongful conduct of this nature.

## COUNT VII - NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

**(Against F&D OUTLETS and Does 1 through 25)**

76. Plaintiff hereby incorporates Paragraphs 1 through 75 inclusive herein by reference.

77. Up to and including the date of infringement by F&D OUTLETS, Plaintiff had

been in the business of selling his instructional "how to" videos to large retail and home improvement stores for over twenty-five (25) years.

78. When F&D OUTLETS purchased Plaintiff's DVD series, it knew that Plaintiff's business was the sale of Plaintiff's experience and knowledge through the production and sale of Plaintiff's DVD series.

79. When Defendants accepted the disclosure of Plaintiff's DVD series, a special relationship was formed, whereby Defendants would take great care to protect Plaintiff's DVDs and not allow Plaintiff's DVDs to be misused or used for unauthorized purposes in any way.

80. F&D OUTLETS breached that duty by allowing its employees, agents, representatives, directors and/or officers to distribute Plaintiff's DVDs on the Internet, thereby denying Plaintiff the right and privilege to benefit financially from said distribution of Plaintiff's DVDs.

81. By the nature of Defendants conduct, Plaintiff has been damaged in an amount to be determined.

82. Plaintiff is also entitled to injunctive relief to include, but not be limited to, preliminary and permanent injunction prohibiting further infringements of his copyrighted works.

**COUNT VIII– BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**
**(Against All Defendants)**

83. Plaintiff hereby incorporates Paragraphs 1 through 82 inclusive herein by reference.

84. Defendants owed Plaintiff a duty of good faith and fair dealing with respect to Plaintiff's DVDs.

85. As described herein, Defendants breached said duty of good faith and fair dealing by posting video clips of Plaintiff's DVDs on the Internet for free viewing and access, thereby denying Plaintiff the opportunity to profit from the sale of Plaintiff's DVDs.

86. As a direct result of this breach, Plaintiff has been injured in an amount to be determined.

87. As a further result of Defendants' conduct, Plaintiff is entitled to prejudgment interest.

88. Plaintiff is also entitled to recover his attorney's fees and costs incurred herein.

89. As a result of the willful and malicious nature of Defendants conduct, Plaintiff is entitled to recover punitive damages in an amount sufficient to deter future wrongful conduct of this nature.

## COUNT IX - UNJUST ENRICHMENT

### (Against F&D OUTLETS and Does 1 through 25)

90. Plaintiff hereby incorporates-Paragraphs 1 through 89 inclusive herein by reference.

91. F&D OUTLETS in an effort to incur good will in the community and with its current and prospective customers, and in an effort to increase the sales to its business, has provided video clips of Plaintiff's DVDs to the general public for free.

92. As a result of the conduct of F&D OUTLETS, people who are simply perusing the Internet have received the benefit of Plaintiff's knowledge and instruction, all to the detriment of Plaintiff.

93. F&D OUTLETS has provided video clips of Plaintiff's DVDs to Internet viewers who were not given authorization to view the DVDs. Authorization would only be given to those persons after monetarily reimbursing Plaintiff for the hard work and expertise put into the making of the DVDs.

94. F&D OUTLETS has received, and continues to receive, a benefit at the expense of Plaintiff.

95. Plaintiff is therefore entitled to an accounting of all benefits received by F&D OUTLETS as a result of F&D OUTLETS's wrongful conduct.

96. Plaintiff is entitled to an order requiring disgorgement of such profits and other

things of value to gained by F&D OUTLETS at the expense of Plaintiff.

**COUNT X – BUSINESS & PROFESSIONS CODE §17200 VIOLATIONS**

**(Against All Defendants)**

97. Plaintiff hereby incorporates-Paragraphs 1 through 96 inclusive herein by reference.

98. Defendants, with actual and/or constructive knowledge, wrongfully converted Plaintiff's videos to their own use, and for their own profit and gain.

99. The above-described conduct by Defendants constitutes deceptive business practices within the meaning of Business and Professions Code §17200, *et seq*.

100. Pursuant to Business and Professions Code §17200, *et seq*, an order should issue requiring Defendants to disgorge all monies which it received as a result of the conversion and publication of Plaintiff's DVDs on F&D OUTLETS's YouTube channels.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows and for the following relief:

1. For a preliminary and permanent injunction enjoining Defendants and their respective officers, directors, agents, representatives, employees, attorneys, and all persons in active concert or participation with each or any of them, from directly committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies of Plaintiff's copyrighted works.

2. For all damages to which Plaintiff may be entitled, including Defendants' profits, in such amounts as may be found, in the amount of no less than $3,033,150.00.

3. For statutory damages in the maximum amount allowed by 17 U.S.C. §504(c), but no less than $450,000.00.

4. For prejudgment interest according to law.

5. For Plaintiff's attorney's fees and costs and disbursements in this action.

6. Punitive damages in an amount to be determined by the Court.

7. An order requiring disgorgement of such profits and other things of value gained by F&D OUTLETS at the expense of Plaintiff in the amount of no less than $3,033,150.00.

8. For F&D OUTLETS to provide an accounting of any such profits and other things of value received as a result of the unauthorized distribution of Plaintiff's copyrighted materials.

9. For such further relief as the Court deems just and proper.

Dated: Feb. 15, 2013

WEBB & BORDSON, APC

By /s/ Lenden Webb
LENDEN F. WEBB
Attorney for Plaintiff,
BRUCE L. LAMB, an Individual, dba
LAMB PRODUCTIONS U-TILE
IT VIDEOS

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

Dated: Feb. 15, 2013

WEBB & BORDSON, APC

By /s/ Lenden Webb
LENDEN F. WEBB
Attorney for Plaintiff,
BRUCE L. LAMB, an Individual, dba
LAMB PRODUCTIONS U-TILE
IT VIDEOS

WEBB & BORDSON, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711