1  KILPATRICK TOWNSEND & STOCKTON LLP
   MEGAN M. CHUNG (State Bar No. 232044)
2  mchung@kilpatricktownsend.com
   Suite 400, 12730 High Bluff Drive
3  San Diego, CA 92130
   Telephone:  858 350 6100
4  Facsimile:  858 350 6111

5  R. CHARLES HENN JR. (*pro hac vice to be filed*)
   chenn@kilpatricktownsend.com
6  Suite 2800, 1100 Peachtree Street
   Atlanta, GA 30309-4528
7  Telephone:  404 815 6500
   Facsimile:  404 815 6555

8
   Attorneys for Defendant
9  FLOOR AND DECOR OUTLETS OF AMERICA, INC.

10            **UNITED STATES DISTRICT COURT**

11        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

12

13  BRUCE L. LAMB, an individual d/b/a          Civil Action No. 13CV0390 JAH BLM
    LAMB PRODUCTIONS U-TILE IT
14  VIDEOS,                                     **MEMORANDUM OF POINTS AND**
                                                **AUTHORITIES IN SUPPORT OF**
15            Plaintiff,                        **DEFENDANT'S MOTION TO**
                                                **DISMISS**
16        v.
                                                Date:    May 20, 2013
17  FLOOR AND DECOR OUTLETS OF                  Time:    2:30 p.m.
    AMERICA, INC., ET AL.                       Ctrm.:   13B
18                                              Judge:   Hon. John A. Houston
              Defendants.
19                                              Complaint Filed:   February 19, 2013

20

21

22

23

24

25

26

27

28



# **TABLE OF CONTENTS**

**Page**

I.    Introduction ............................................................................................ 1

II.   Factual Background ............................................................................... 2

III.  Argument ................................................................................................ 3

    A.   Count I Must Be Dismissed as to Any Work That is Not
         Registered .......................................................................................... 3

    B.   Plaintiff Has Not Adequately Alleged Direct or Secondary
         Copyright Infringement Against the Doe Defendants. ................. 4

    C.   Counts II and III Fail Because Plaintiff Has Not Adequately
         Alleged Secondary Copyright Infringement Against Floor
         & Decor. ............................................................................................. 6

    D.   Plaintiff's State-Law Claims are Preempted by the
         Copyright Act. ................................................................................... 7

         1.   Count IV for "Misappropriation of Ideas – Implied in
              Fact Contract" is Preempted by the Copyright Act. ...................... 9

         2.   Count V for Conversion is Preempted by the
              Copyright Act. ........................................................................... 11

         3.   Count VI for "Negligent Retention and Supervision"
              is Preempted by the Copyright Act. ............................................ 12

         4.   Count VII for "Negligent Interference with
              Prospective Economic Advantage" is Preempted by
              the Copyright Act. ..................................................................... 12

         5.   Count VIII for "Breach of the Duty of Good Faith
              and Fair Dealing" is Preempted by the Copyright Act. .............. 13

         6.   Count IX for "Unjust Enrichment" is Preempted by
              the Copyright Act. ..................................................................... 14

         7.   Count X for "Business and Professions Code §17200
              Violations" is Preempted by the Copyright Act. ......................... 14

IV.   CONCLUSION .................................................................................... 15



# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ..................................................................................... 3

*Ass'n for Info. Media & Equip.v. Regents of the Univ. of Cal.,*
  No. CV 10-9378 CBM (MANx), 2011 WL 7447148 (C.D. Cal. Oct. 3,
  2011) .............................................................................................................. 13, 14

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................... 3

*Blanks v. Shaw,*
  171 Cal. App. 4th 336 (2009) ...................................................................... 14

*Capcom Co., Ltd. v. MKR Grp., Inc.,*
  No. C 08-0904 RS, 2008 WL 4661479 (N.D. Cal. Oct. 20, 2008) .............. 15

*Celestial Mechanix, Inc. v. Susquehanna Radio Corp,*
  No. CV 03-5834-GHK VBKX, 2005 WL 4715213 (C.D. Cal. April
  28, 2005) ...................................................................................................... 10, 11, 13

*Cosmetic Ideas, Inc. v. IAC/Interactivecorp.,*
  606 F.3d 612 (9th Cir. 2010) ....................................................................... 4

*Cutler v. Enzymes, Inc.,*
  No. C 08-04650 JF (RS), 2009 WL 482291 (N.D. Cal. Feb. 25, 2009)........ 4

*Del Madera Props. v. Rhodes and Gardner, Inc.,*
  820 F.2d 973 (9th Cir. 1987) ....................................................................... 9, 14

*Dielsi v. Falk,*
  916 F. Supp. 985 (C.D. Cal. 1996) .............................................................. 11

*Downing v. Abercrombie & Fitch,*
  265 F.3d 994 (9th Cir. 2001) ....................................................................... 8

*Experexchange, Inc. v. Doculex, Inc.,*
  No. C-08-03875 JCS, 2009 WL 3837275
  (N.D. Cal. Nov. 16, 2009)............................................................................ 9, 12, 13, 15

*Fogerty v. Fantasy, Inc.,*
  510 U.S. 517 (1994)...................................................................................... 9

*Fractional Villas, Inc. v. Tahoe Clubhouse,*
  No. 08cv1396-IEG-POR, 2009 WL 1298532 (S.D. Cal. May 8, 2009) ...... 14

*Gomez v. Serv. Emp. Intern. Union Local 87,*
   No. C 10-01888 RS, 2010 WL 4704407 (N.D. Cal. Nov. 12, 2010) ....................... 6

*Idema v. Dreamworks, Inc.,*
   162 F. Supp. 2d 1129 (C.D. Cal. 2001) ......................................................... 8, 9, 12

*Jules Jordan Video, Inc. v. 144942 Canada Inc.,*
   617 F.3d 1146 (9th Cir. 2010) ........................................................................ 10

*Kabehie v. Zoland,*
   102 Cal. App. 4th 513 (2d Dist. 2002).............................................................. 13

*Kantemirov v. Goldine,*
   No. C05-01362 HRL, 2005 WL 1593533 (N.D. Cal. June 29, 2005)................... 11

*Kodadek v. MTV Networks, Inc.,*
   152 F.3d 1209 (9th Cir. 1998) ........................................................................... 8

*Laws v. Sony Music Entm't, Inc.,*
   448 F.3d 1134 (9th Cir. 2006) ........................................................................ 8, 9

*MDY Indus., LLC v. Blizzard Entm't, Inc.,*
   629 F.3d 928 (9th Cir. 2010) ............................................................................. 6

*Med-Sys., Inc. v. Masterson Mktg., Inc.,*
   No. 11CV695 JLS (BLM), 2011 WL 5873399
   (S.D. Cal. Nov. 23, 2011) ................................................................................. 5

*Mindlab Media, LLC. v. LWRC Intern. LLC,*
   No. CV 11–3405 CAS (FEMX), 2012 WL 386695
   (C.D. Cal. Feb. 6, 2012)..................................................................................... 5

*Montz v. Pilgrim Films & TV, Inc.,*
   649 F.3d. 975 (9th Cir. 2011) .......................................................................... 14

*Moss v. U.S. Secret Serv.,*
   572 F.3d 962 (9th Cir. 2009) ............................................................................. 3

*Motown Record Corp. v. George A. Hormel & Co.,*
   657 F. Supp. 1236 (C.D. Cal. 1987) ............................................................. 13, 15

*Netbula, LLC v. Chordiant Software, Inc.,*
   No. C 08–00019 JW, 2009 WL 750201 (N.D. Cal. March 20, 2009)................... 5

*New Name, Inc. v. Walt Disney Co.,*
   No. CV 07-5034, 2007 WL 5061697 (C.D. Cal. Dec. 3, 2007)........................... 4

*Perfect 10, Inc. v. Amazon.com, Inc.,*
   508 F.3d 1146 (9th Cir. 2007) ........................................................................... 7



*Sanwal v. Cnty. of Sacramento*,
   No. 2:11-cv-0187 JAM KJN PS, 2011 WL 2580409
   (E.D. Cal. June 28, 2011)..........................................................................6

*Selby v. New Line Cinema Corp.*,
   96 F. Supp. 2d 1053 (C.D. Cal. 2000) ...................................................11

*Shepard v. Miler*,
   No. CIV. 2:10-1863 WBS JFM, 2010 WL 5205108
   (E.D. Cal. Dec. 15, 2010)........................................................................10

*Universal Surface Tech., Inc. v. Sae–A Trading Am. Corp.*,
   No. CV 10-6972 CAS (PJWx), 2011 WL 281020
   (C.D. Cal. Jan. 26, 2011) .........................................................................4

*Zito v. Steeplechase Films, Inc.*,
   267 F. Supp. 2d 1022 (N.D. Cal. 2003)........................................11, 12, 14

**Statutes**

17 U.S.C. § 301(a) ......................................................................................8

17 U.S.C. § 411(a) ......................................................................................3

17 U.S.C. § 504(b) ......................................................................................5

**Other Authorities**

2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* §
   8.02[A] (2009) ..........................................................................................4

California Business and Professions Code §17200, *et seq.*...................14, 15



MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
CASE NO. 13CV0390 JAH BLM

## I.  **INTRODUCTION**

Floor and Decor Outlets of America, Inc. ("Floor & Decor") is one of the nation's leading retailers of hard-surface flooring (*e.g.*, ceramic, stone, tile, wood, and laminate), with thirty-one warehouse-style stores in thirty cities across the country.  In addition to flooring itself, Floor & Decor sells the tools and related accessories for customers to complete their home-improvement projects.

In 2004, Floor & Decor hired Plaintiff Bruce L. Lamb to produce three "how-to" videos that Floor & Decor planned to sell to its do-it-yourself customers.  In cooperation with and at the direction of Floor & Decor, Plaintiff created the videos, combining some of Plaintiff's older footage with new material, including an introduction starring the CEO of Floor & Decor.  The packaging for these videos prominently displayed the Floor & Decor logo and website address, as shown below:

| Front | Back | Disc |
|:---:|:---:|:---:|
|  |  |  |

Over the following years, Floor & Decor offered the videos for sale in its brick-and-mortar stores, gave away videos to customers, and uploaded the video content to the Internet on the Floor & Decor YouTube channel.  (Because each video is forty-five minutes long, Floor & Decor divided the three videos into several smaller excerpts when posting them on the Floor & Decor YouTube site.)

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
CASE NO. 13CV0390 JAH BLM

Nearly ten years later, Plaintiff now asserts that Floor & Decor violated federal copyright laws and various state laws when it posted the video content on its YouTube site.  None of Plaintiff's claims has merit because, *inter alia*, Floor & Decor was legally authorized to post the videos on its YouTube site in addition to selling and giving away the videos in brick-and-mortar stores.  As a preliminary matter, however, Plaintiff's claims either fail to state a claim or are squarely preempted by the Copyright Act.  The Court should dismiss Count I as to Plaintiff's unregistered works and should dismiss Counts II-X in their entireties.[1]

## II.   FACTUAL BACKGROUND

Plaintiff's Complaint alleges the following facts:

Plaintiff's business is the production and sale of instructional "how-to" videos, which he began selling in DVD format at trade shows in 2004.  (Dkt. 1, ¶¶ 1-5.)  At an Orlando, Florida trade show in June of 2004, Plaintiff agreed to "custom produce[] three (3) DVD volumes for [Floor & Decor]."  (*Id.* ¶¶ 6-7.)  Plaintiff admits Floor & Decor's direct involvement in the creation of the videos, noting that each includes footage of Floor & Decor's Chief Executive Officer.  (*Id.* ¶ 8.)  The videos were produced specifically for Floor & Decor, using portions of six previous videos owned by Plaintiff, only three of which are registered with the U.S. Copyright Office.  (*Id.* ¶¶ 4, 7.)  Plaintiff admits that Floor & Decor "paid the fair market value Plaintiff was asking for purchase of his work product."  (*Id.* ¶ 58.)  Plaintiff does not allege that there were any express limitations on Floor & Decor's use of the video content upon purchase.

In October 2012, Plaintiff noticed video clips "showing portions of his DVDs" posted on YouTube.  (*Id.* ¶ 9.)  The video clips were posted under the user names "fdoutlets" and "FloorAndDecorOutlets."  (*Id.*)  All but one of the clips

---

[1] Despite also being meritless, the portion of Plaintiff's first cause of action – direct copyright infringement – relating to the three *registered* works is not the subject of this Motion to Dismiss.



MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
CASE NO. 13CV0390 JAH BLM

contained Floor & Decor's "company information," but did not contain Plaintiff's "copyright information" or "company information." (*Id.* ¶¶ 9, 21.)

### III.   ARGUMENT

"[A] complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation, quotation marks, and emphasis omitted).  A mere "formulaic recitation of the elements" is insufficient to survive a motion to dismiss. *Id.* at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) ("Rule 8 does not empower respondent to plead the bare elements of his cause of action . . . and expect his complaint to survive a motion to dismiss."); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (noting that "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief").

Plaintiff's Complaint impermissibly asserts copyright claims based on unregistered works of authorship.  Moreover, it consists largely of formulaic recitations of the bare elements of Plaintiff's claims, and where it goes beyond such recitations, its allegations are conclusory.  Plaintiff fails to allege any facts supporting his direct or secondary copyright infringement claims against the Doe defendants.  He similarly fails to allege any third-party direct infringement required to succeed on his secondary copyright infringement claims against Floor & Decor. Finally, Plaintiff's state-law claims are preempted because they seek to protect rights equivalent to those governed exclusively by the Copyright Act.

### A.   Count I Must Be Dismissed as to Any Work That is Not Registered

Section 411 of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).  The Ninth Circuit has held that a work is



- 3 -

1   "registered" when the Copyright Office receives a complete application satisfying

2   all of the requirements for registration.  *See Cosmetic Ideas, Inc. v.*

3   *IAC/Interactivecorp.*, 606 F.3d 612, 619-621 (9th Cir. 2010) ("registration is

4   required . . . prior to bringing any infringement action.").

5        For three of the six "DVDs" alleged in the Complaint, Plaintiff has failed to

6   allege either that the works are registered or that a complete application satisfying

7   the requirements of registration has been received by the Copyright Office.  (Dkt. 1,

8   ¶4.)  Thus, to the extent Plaintiff's copyright infringement claims (direct,

9   contributory, or vicarious) rely on these works to establish liability, such claims

10  must be dismissed.

11  **B.    Plaintiff Has Not Adequately Alleged Direct or Secondary Copyright**
          **Infringement Against the Doe Defendants.**
12

13       "To state a claim for copyright infringement, the claimant must allege

14  ownership of a copyright and copying of protected elements by the defendant."

15  *Cutler v. Enzymes, Inc.*, No. C 08-04650 JF (RS), 2009 WL 482291, at *3 (N.D.

16  Cal. Feb. 25, 2009).  The term "copying" in this sense refers to the exercise of any

17  of the exclusive rights set forth in Section 106 of the Copyright Act.  2 Melville B.

18  Nimmer & David Nimmer, *Nimmer on Copyright* § 8.02[A] (2009).  A claim for

19  direct copyright infringement must be premised on one or more of these specific

20  rights.  *Universal Surface Tech., Inc. v. Sae–A Trading Am. Corp.*, No. CV 10-6972

21  CAS (PJWx), 2011 WL 281020, at *6 (C.D. Cal. Jan. 26, 2011) (dismissing

22  copyright infringement claim in part because "the complaint alleges no facts

23  indicating what acts constitute the alleged infringement"); *Cutler*, 2009 WL 482291,

24  at *3 ("Aside from claims of ownership, the complaint is devoid of any other

25  specific facts related to the Published Work and alleged copyright infringement");

26  *New Name, Inc. v. Walt Disney Co.*, No. CV 07-5034, 2007 WL 5061697, at *3

27  (C.D. Cal. Dec. 3, 2007) (dismissing infringement claim based on speculative

28  allegations that "merely mirror[] the exclusive rights in copyrighted works set forth



- 4 -

in the Copyright Act").

These principles apply equally to claims for secondary copyright infringement. It is insufficient merely to recite the elements of contributory and vicarious copyright liability or to assert only conclusory allegations. *Mindlab Media, LLC. v. LWRC Intern. LLC*, No. CV 11–3405 CAS (FEMX), 2012 WL 386695, at *4 (C.D. Cal. Feb. 6, 2012) (dismissing vicarious copyright infringement claim based on "legal conclusions [] unsupported by any facts"); *Med-Sys., Inc. v. Masterson Mktg., Inc.*, No. 11CV695 JLS (BLM), 2011 WL 5873399, at *7 (S.D. Cal. Nov. 23, 2011) (conclusory allegations insufficient to withstand motion to dismiss contributory infringement claim); *Netbula, LLC v. Chordiant Software, Inc.*, No. C 08–00019 JW, 2009 WL 750201, at *3-*4 (N.D. Cal. March 20, 2009) (allegations that defendants had "the right and ability to supervise" the infringing acts insufficient to state a claim for vicarious copyright infringement).

Only the following four paragraphs in the Complaint even mention "Does 1 through 25":

> Defendant Doe Nos. 1 through 25 are jointly and severally liable for each act of F&D OUTLETS because they personally directed and participated in, and benefitted from, F&D OUTLETS's infringing conduct as alleged herein, and have been the guiding force behind F&D OUTLETS's infringing activities. (Dkt. 1, ¶ 30.)

> The foregoing acts of infringement by Defendant Does 1 through 25 have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights. (*Id.* ¶ 32.)

> As a direct and proximate result of F&D OUTLETS and Doe Nos. 1 through 25 (herein "Defendants") infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to damages as well as any profits received by Defendants pursuant to 17 U.S.C. §504(b). (*Id.* ¶ 33.)

> Defendant Does 1 through 25 are liable under the Copyright Act for the acts of infringement identified above, for acting in concert with F&D OUTLETS for unlawfully inducing, knowingly facilitating, and benefitting from copyright infringement of Plaintiff's DVDs. (*Id.* ¶ 46.)

None of these paragraphs state anything more than general and conclusory

- 5 -

1   allegations.  In each case, they merely assert liability or infringing conduct in the

2   abstract, without pointing to any specific facts identifying that conduct, the roles

3   "Does 1 through 25" played in that conduct, or even any clues as to the relationships

4   of these Does to Floor & Decor.

5        The lack of any other reference to the Doe defendants means neither Floor &

6   Decor nor any of the Doe defendants have any notice of the specific acts Plaintiff

7   believes the Doe defendants have taken to infringe its works or which claims

8   Plaintiff is attempting to assert as a result of these acts.  Thus, even assuming

9   Plaintiff adequately pleaded ownership of a copyright, he fails to allege any

10  infringing conduct by the Doe defendants giving rise to either direct or secondary

11  copyright infringement.  As a result, the causes of action naming the Does should be

12  dismissed as to these ephemeral defendants.[2]  *See Sanwal v. Cnty. of Sacramento*,

13  No. 2:11-cv-0187 JAM KJN PS, 2011 WL 2580409, at *2-*5 (E.D. Cal. June 28,

14  2011) (dismissing complaint where "there are no specific factual allegations actually

15  aimed at any 'Doe' defendants"); *see also Gomez v. Serv. Emp. Intern. Union Local

16  87*, No. C 10-01888 RS, 2010 WL 4704407, at *6 (N.D. Cal. Nov. 12, 2010)

17  (dismissing Doe defendants because use of fictional defendants is "generally

18  disfavored in federal court").

19  **C.   Counts II and III Fail Because Plaintiff Has Not Adequately Alleged**

20       **Secondary Copyright Infringement Against Floor & Decor.**

21       Because Plaintiff alleges that Floor & Decor is *secondarily* liable, he must

22  allege underlying direct infringement for which some *third party* is liable.  *See MDY

23  Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 937 (9th Cir. 2010) ("To

24  establish secondary infringement, [the plaintiff] must first demonstrate direct

25  infringement.").  In the absence of direct infringement by a third party, secondary

26  _____

27  [2] Adding to the mystery as to the Doe defendants' identity and involvement, Counts I,
    II, III, IV, V, VIII, and X are alleged as "Against All Defendants"; Counts VI, VII,

28  and IX are alleged as "Against F&D Outlets and Does 1 through 25."



    - 6 -

1    liability for copyright infringement does not exist.  *Perfect 10, Inc. v. Amazon.com,*

2    *Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007) ("As a threshold matter, before we

3    examine Perfect 10's claims that Google is secondarily liable, Perfect 10 must

4    establish that there has been direct infringement by third parties.").

5         Plaintiff here alleges no third-party infringement.  Plaintiff's Counts II and III

6    allege only that Floor & Decor is liable for the infringing activities of its own

7    employees.  (Dkt. 1, ¶¶ 38, 45.)  Other than Plaintiff's few references to the Doe

8    defendants,[3] the only possible reference to alleged third-party infringement in the

9    Complaint is the following oblique assertion:

> One of the functions of posting videos on YouTube is that the viewer
> can then upload the content of the videos to their social and/or
> professional media websites, such as LinkedIn, Facebook, etc.  Thus
> further exposing Plaintiff's copyrighted work to persons who have
> neither rightfully gained permission to utilize Plaintiff's DVDs, nor have
> paid Plaintiff for the rights to utilize the same.

15   (*Id.* ¶ 20.)  If Plaintiff intends this Paragraph to allege infringement by unnamed

16   third parties linking to the videos allegedly posted online by Floor & Decor (which

17   is by no means clear), then it nonetheless fails to support his secondary infringement

18   theories.  Linking to content on the Internet does not constitute a direct infringement

19   of copyright, even if the content is itself infringing.  *Perfect 10 v. Amazon.com*, 508

20   F.3d at 1159-61.

21        Because Plaintiff's Complaint alleges no infringement by any third party, his

22   secondary liability claims against Floor & Decor must be dismissed.

23   **D.    Plaintiff's State-Law Claims are Preempted by the Copyright Act.**

24        Plaintiff's seven claims for relief under state law (Counts IV through X) fail

---

[3] As discussed above, Plaintiff states no claim for direct infringement by the Doe
defendants named in the Complaint.  Thus, to the extent Plaintiff's claims for
secondary liability are based on any infringement by the Doe defendants, such
secondary liability claims also fail.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
CASE NO. 13CV0390 JAH BLM

1    to state a viable legal theory because they are preempted by the Copyright Act.

2    Federal law provides an exclusive path for protecting claimed copyrighted material.

3    By pleading direct and secondary copyright infringement claims, Plaintiff has

4    chosen that path. He is not permitted to repackage those same claims under state

5    law.

> [A]ll legal or equitable rights that are equivalent to any of the exclusive
> rights within the general scope of copyright as specified by section 106
> in works of authorship that are fixed in a tangible medium of expression
> and come within the subject matter of copyright as specified by sections
> 102 and 103, whether created before or after that date and whether
> published or unpublished, are governed exclusively by this title.
> Thereafter, no person is entitled to any such right or equivalent right in
> any such work under the common law or statutes of any State.

12    17 U.S.C. § 301(a); *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir.

13    2006). A state claim is preempted by the Copyright Act if (1) the work involved

14    falls within the "subject matter" of the Copyright Act, and (2) the rights a plaintiff

15    asserts under state law are "equivalent" to those protected by the Copyright Act.

16    *Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1003 (9th Cir. 2001); *Kodadek v.*

17    *MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998).

18       Plaintiff admits repeatedly that his videos fall within the subject matter of the

19    Copyright Act.[4] Indeed, he expressly pleads copyright registrations for three of the

20    six allegedly infringed works that form the basis for his entire Complaint. (Dkt. 1, ¶

21    4.) As discussed below, Plaintiff incorporates and repeats these allegations in each

22    of his purported state-law claims.

23       As to the second element, the Ninth Circuit requires that "[t]o survive

24    preemption, the state cause of action must protect rights which are *qualitatively*

25    *different* from the copyright rights. The state claim must have an 'extra element'

---

[4] For purposes of preemption, the scope of the "subject matter" of copyright "is
broader than the scope of [copyright] protection." *Idema v. Dreamworks, Inc.*, 162 F.
Supp. 2d 1129, 1189 (C.D. Cal. 2001).



- 8 -

which changes the nature of the action." *Del Madera Props. v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (emphasis added) (affirming dismissal of unfair competition and unjust enrichment claims as preempted) (*overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)); *Laws*, 448 F.3d at 1143.

Plaintiff's state-law claims all lack the required "extra element." Instead, each state-law claim is explicitly based on the same conduct with respect to the same works of authorship and seeks to protect equivalent rights to those asserted in Plaintiff's copyright infringement claims. *See Experexchange, Inc. v. Doculex, Inc.*, No. C-08-03875 JCS, 2009 WL 3837275, at *25 (N.D. Cal. Nov. 16, 2009) (state-law claims based on unauthorized use of software preempted). The Court must "engage in a fact-specific inquiry into the actual allegations underlying the claims at issue in the case, so as to determine whether the gravamen of the state law claim asserted is the same as the rights protected by the Copyright Act." *Idema*, 162 F. Supp. 2d at 1190.[5] In all of Plaintiff's state-law claims, this is precisely the case: the gravamen of each claim is the same as Plaintiff's copyright claim. All of these claims must therefore be dismissed as preempted by the Copyright Act. *Id.* at 1189-1195 (dismissing state-law claims with prejudice).

### 1.    Count IV for "Misappropriation of Ideas – Implied in Fact Contract" is Preempted by the Copyright Act.

Plaintiff's Count IV for "Misappropriation of Ideas – Implied in Fact Contract" alleges that "Plaintiff is the creator, author, and owner of various instructional videos," and that Plaintiff prepared and edited a DVD series for Floor & Decor, for which Floor & Decor paid fair market value. (Dkt. 1, ¶¶53-58.) It is

---

[5] The Court's inquiry "should not rely merely on a laundry list of the alleged elements of the state law claims at issue, such that the mere possibility of an extra element protects a claim from preemption." *Idema*, 162 F. Supp. 2d at 1190 (internal quotation marks omitted).



- 9 -

1  unclear whether these allegations are intended to state a claim for

2  "misappropriation" or for "breach of implied-in-fact contract." Either way, the

3  claim is preempted by the Copyright Act.

4       Clearly the "DVD series" at issue – a work claimed to be of Plaintiff's

5  authorship – falls within the subject matter of the Copyright Act. *Jules Jordan*

6  *Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1155 (9th Cir. 2010) (claim fell

7  within the subject matter of copyright where its essence was unauthorized

8  reproduction and distribution of DVDs). If Plaintiff intends to seek relief on a

9  misappropriation theory, then the rights asserted are equivalent to those protected by

10  copyright – the only item allegedly misappropriated is "Plaintiff's DVDs." (Dkt. 1,

11  ¶57.) "Since a claim for misappropriation of a work protected by copyright contains

12  no extra element to distinguish it from a copyright infringement claim, it is

13  preempted." *Shepard v. Miler*, No. CIV. 2:10-1863 WBS JFM, 2010 WL 5205108,

14  at *10 (E.D. Cal. Dec. 15, 2010).

15       If Count IV is instead intended to establish an "implied-in-fact contract," it

16  fares no better. "[T]he existence of such a contract would not affect the preemption

17  analysis." *Id.* at *10, n. 11; *see Celestial Mechanix, Inc. v. Susquehanna Radio*

18  *Corp*, No. CV 03-5834-GHK VBKX, 2005 WL 4715213, at *8 (C.D. Cal. April 28,

19  2005) (breach of implied-in-fact contract claim preempted as "not qualitatively

20  different from a copyright infringement claim"). Plaintiff admits that Floor & Decor

21  "paid the fair market value Plaintiff was asking for purchase of his work product."

22  (Dkt. 1, ¶ 58.) Thus, even if he has pleaded the existence of a contract, Plaintiff

23  alleges no breach of that purported contract other than the "unauthorized distribution

24  of Plaintiff's DVDs by means of Internet distribution and posting on [Floor &

25  Decor]'s YouTube channels."[6] (*Id.*, ¶ 59.) Unauthorized *distribution* of

26

27  [6] To the extent Plaintiff's claim adequately pleads the existence of a contract and its
breach, where such breach arises from the "mere act of reproduction, performance,

28  distribution or display," it alleges no additional rights and is preempted. *Selby v. New*

- 10 -

1  copyrightable subject matter is the essence of Plaintiff's copyright infringement

2  claim. *See Kantemirov v. Goldine*, No. C05-01362 HRL, 2005 WL 1593533, at *5

3  (N.D. Cal. June 29, 2005) ("misappropriation of ideas" claim, among others,

4  dismissed as preempted where the essence of the claims was unauthorized copying

5  of website authored by plaintiff).

6        In short, because Plaintiff's "claim based on implied-in-law contract includes

7  no 'extra element' in addition to the defendant's unauthorized use of the work, it is

8  equivalent to the rights protected by the Copyright Act" and is preempted. *Celestial*

9  *Mechanix*, 2005 WL 4715213, at *8.

10      **2.**    **Count V for Conversion is Preempted by the Copyright Act.**

11        Plaintiff's Count V alleges that Floor & Decor "came into possession of" and

12  subsequently "misappropriated and converted Plaintiff's DVDs." (Dkt. 1, ¶¶ 62-

13  63.) Setting aside that these allegations are entirely inconsistent with Plaintiff's

14  repeated admissions that Floor & Decor *ordered <u>and paid for</u> the DVDs* (Dkt. 1, ¶¶

15  6, 55, 58), which Plaintiff *custom-produced for Floor & Decor at its request* (*Id.* ¶¶

16  7, 8, 56), this claim, too, is preempted by the Copyright Act.

17        "[C]onversion claims generally are preempted" by the Copyright Act. *Zito v.*

18  *Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003) (dismissing

19  as preempted conversion and unjust enrichment claims). The basis of Plaintiff's

20  conversion claim is that Floor & Decor "wrongfully used and distributed Plaintiff's

21  work of authorship," an allegation "clearly equivalent to a copyright claim." *Dielsi*

22  *v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996) (dismissing as preempted

23  conversion claim based on copying of a script given to defendants). "A conversion

24  claim arising from the unauthorized reproduction and distribution of a copyrighted

25  work only interferes with the plaintiff's intangible property right and is equivalent to

26  _____

27  *Line Cinema Corp.*, 96 F. Supp. 2d 1053, 1061-62 (C.D. Cal. 2000) (implied-in-fact
contract claim preempted where alleged contract "did not regulate the parties'

28  conduct beyond mere use of [the plaintiff's] ideas").



- 11 -

1  a claim for copyright infringement." *Zito,* 267 F. Supp. 2d at 1027.  Count V

2  therefore should be dismissed with prejudice.

3       **3.    Count VI for "Negligent Retention and Supervision" is Preempted**

4           **by the Copyright Act.**

5       Plaintiff's claim for "Negligent Retention and Supervision" is also based

6  entirely on the same facts underlying his copyright infringement claims.  Count VI

7  of the Complaint alleges that Floor & Decor breached a duty "to prevent the

8  misappropriation or improper disclosure of Plaintiff's DVDs" by "allowing its

9  employees, agents, representatives, directors and/or officers to distribute Plaintiff's

10  DVDs on the Internet." (Dkt. 1, ¶¶ 69-70.)  As with each of Plaintiff's other state-

11  law claims, Count VI is "based on the same facts as his [copyright] infringement

12  claim" and asserts equivalent rights; it must therefore be dismissed.  *Zito,* 267 F.

13  Supp. 2d at 1027; *Experexchange,* 2009 WL 3837275, at *25 ("all of Plaintiff's

14  [preempted] state law claims are based on the same alleged conduct").

15       **4.    Count VII for "Negligent Interference with Prospective Economic**

16           **Advantage" is Preempted by the Copyright Act.**

17       Count VII, for "Negligent Interference with Prospective Economic

18  Advantage," hinges on an allegation that Floor & Decor breached a duty to Plaintiff

19  "by allowing its employees, agents, representatives, directors and/or officers to

20  distribute Plaintiff's DVDs on the Internet." (Dkt. 1, ¶ 80.)  Once again, the

21  purportedly interfering conduct is identical to the alleged conduct underlying

22  Plaintiff's copyright infringement claim.  Where a negligent interference claim

23  arises from "alleged encroachment on one's exclusive right to profit from sale or

24  reproduction of one's original work(s) of authorship," it is "merely a restatement of

25  Plaintiff['s] copyright claim." *Idema,* 162 F. Supp. 2d at 1193 (negligent

26  interference claim dismissed with prejudice as preempted).

27       As with Plaintiff's other state-law claims, his negligent interference claim

28



- 12 -

must be dismissed as preempted. *Kabehie v. Zoland*, 102 Cal. App. 4th 513, 530

(2d Dist. 2002) (affirming dismissal of negligent interference with prospective

economic advantage claim as preempted "because the interfering conduct alleged is

simply the reproduction and distribution" of the copyrighted works at issue); *see*

*also Motown Record Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1240

(C.D. Cal. 1987) (negligent interference claim based on unauthorized publication of

copyrighted work preempted); *Experexchange,* 2009 WL 3837275, at *25

(interference claims preempted because "based on the same alleged conduct" and

"identical rights asserted in the copyright claims").

### 5.   Count VIII for "Breach of the Duty of Good Faith and Fair Dealing" is Preempted by the Copyright Act.

Plaintiff's cause of action for breach of the duty of good faith and fair dealing

is even more sparsely pleaded than his other claims.  It consists primarily of the

conclusory allegations that "Defendants owed Plaintiff a duty of good faith and fair

dealing with respect to Plaintiff's DVDs" and "breached said duty . . . by posting

video clips of Plaintiff's DVDs on the Internet for free viewing and access."  (Dkt.

1, ¶¶ 84-85.)  Not only does this claim utterly fail to plead any basis for Floor &

Decor's purported duty; it once again relies entirely on the same factual allegations

underlying Plaintiff's copyright infringement claim.  Where all the factual

allegations supporting a claim for breach of the duty of good faith and fair dealing

arise from the plaintiff's purported copyright infringement claim, the state-law claim

is preempted. *Ass'n for Info. Media & Equip. v. Regents of the Univ. of Cal.*, No.

CV 10-9378 CBM (MANx), 2011 WL 7447148, at *8 (C.D. Cal. Oct. 3, 2011).

To the extent Plaintiff has pleaded that a duty of good faith and fair dealing

would have arisen from his preempted implied contract claim, his claim is

nonetheless preempted, as it cannot be based on a claim that is itself preempted.

*Celestial Mechanix*, 2005 WL 4715213, at *9 (plaintiff failed to state claim for

- 13 -

1  breach of duty of good faith and fair dealing where allegations did not go beyond

2  those of preempted contract claim).

3       **6.**    **Count IX for "Unjust Enrichment" is Preempted by the Copyright**

4              **Act.**

5       Claims for unjust enrichment arising from alleged unauthorized use of a

6  copyrighted work are "generally preempted." *Zito*, 267 F. Supp. at 1027 (*citing Del*

7  *Madera*, 820 F.2d at 977); *Ass'n for Info. Media & Equip.*, 2011 WL 7447148, at

8  *7. Plaintiff's Count IX merely alleges that Floor & Decor is liable for unjust

9  enrichment because it distributed Plaintiff's copyrighted works to the public without

10  compensating Plaintiff. (Dkt. 1, ¶¶ 91-93.) Such a claim is "is essentially equivalent

11  to a claim of copyright infringement and is therefore preempted." *Montz v. Pilgrim*

12  *Films & TV, Inc.*, 649 F.3d. 975, 976 (9th Cir. 2011) (*citing Del Madera*, 820 F.2d

13  at 977).

14       **7.**    **Count X for "Business and Professions Code §17200 Violations" is**

15              **Preempted by the Copyright Act.**

16       Plaintiff's Count X is similarly thinly pleaded; it appears to rely solely on the

17  allegations that Floor & Decor "wrongfully converted Plaintiff's videos to [its] own

18  use" and that such conduct "constitutes deceptive business practices within the

19  meaning of Business and Professions Code §17200, *et seq*." (Dkt. 1, ¶¶ 98-99.)

20       A §17200 claim based on an unlawful act or practice must rely on a violation

21  of some other law. *Fractional Villas, Inc. v. Tahoe Clubhouse*, No. 08cv1396-IEG-

22  POR, 2009 WL 1298532, at *2 (S.D. Cal. May 8, 2009) (finding §17200 claim

23  based on copyright infringement is preempted). For the reasons explained above,

24  Plaintiff's claim for conversion – the only "unlawful" conduct alleged in Count X –

25  fails. Because Plaintiff cannot state a claim based on conversion, he cannot state a

26  §17200 claim based on such "unlawful" practices. *Id.*; *Blanks v. Shaw*, 171 Cal.

27  App. 4th 336 (2009) (failure to show violation of predicate law bars §17200 action

28

- 14 -

1  for unlawful conduct).

2      Moreover, "it is well-established that state law claims based on alleged unfair

3  business practices may be preempted by the Copyright Act" *Experexchange,* 2009

4  WL 3837275, at *25 (finding §17200 claim preempted where it is based on the same

5  alleged conduct as copyright infringement claim).  If Plaintiff relies on Count X's

6  incorporation of his other allegations, then his §17200 claim must be founded, like

7  his other state-law claims, on the same conduct alleged in support of his copyright

8  infringement claims, and this claim is also preempted.  *Capcom Co., Ltd. v. MKR*

9  *Grp., Inc.,* No. C 08-0904 RS, 2008 WL 4661479 at *14 (N.D. Cal. Oct. 20, 2008)

10  (§17200 claim preempted where it "merely incorporates by reference the same

11  conduct alleged in support of" copyright infringement claims).  Because "[t]he

12  essence of [Plaintiff's] complaint is derived from [Floor & Decor's] unauthorized

13  use of a copyrighted work," his §17200 claim is not "qualitatively different" from

14  his copyright claim and therefore must be dismissed as preempted.  *Motown,* 657 F.

15  Supp. at 1239 (unfair competition claim under §17200 preempted where claim

16  incorporated allegations of copyright infringement claim and was not qualitatively

17  different from the copyright claim).

18              **IV.    CONCLUSION**

19      Because Count I includes copyright-infringement claims relating to

20  unregistered works and because Counts II-X of Plaintiff's Complaint fail to state a

21  claim or are preempted by the Copyright Act, this Court should dismiss each of

22  those counts with prejudice.

23

24

25

26

27

28

- 15 -

1    DATED: March 25, 2013          Respectfully submitted,

2                                   KILPATRICK TOWNSEND & STOCKTON
                                    LLP
3

4
                                    By:/s/ Megan M. Chung
5                                      MEGAN M. CHUNG

6                                   Attorney for Defendant
                                    Floor and Decor Outlets of America, Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



- 16 -

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 25, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Sherry P. Schacht

- 17 -